# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY MICHAEL O'KEEFE,

     Plaintiff,                       Case No. 14-C-834

     v.

DAVID CLARKE,

     Defendant.

## ORDER

The complaint in this *pro se* action was dismissed twice, first because the claims failed to provide enough specificity and failed to name proper defendants (ECF No. 8.), and then because it alleged a large number of unrelated claims against a number of different defendants. The second amended complaint eliminated several claims and defendants and now brings claims only against Milwaukee County Sheriff David Clarke.

Claim 1 asserts that despite having foot neuropathy, Plaintiff was forced to walk around without shoes, which caused pain. He asserts that he filled out several medical slips but was ignored. This claim might state a claim against a treating provider, such as a nurse or doctor, or a jail guard who saw Plaintiff's injured feet and did nothing to help. But against Sheriff Clarke it does not state a claim because there is no inference that Clarke knew about Plaintiff's specific foot condition. "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) (affirming dismissal after noting that the plaintiff "omitted from his complaint the physicians and nurses who knew about his eye condition.")

Claim 2 alleges that the Jail's grievance forms must be handed to pod officers, which in Plaintiff's view chills First Amendment rights, presumably because the forms are not kept secret. Plaintiff asks for an injunction to correct the practice. On this latter point, the claim must be dismissed as moot because Plaintiff is not incarcerated in the Jail anymore. In any event, there is no Constitutional right to petition for grievances in secret. By definition, any grievance will need to be read by correctional staff officers. It should not matter whether the grievance is given to an officer personally or whether it is placed in a "complaint receptacle" accessible only to the Sheriff himself, as Plaintiff wishes. Finally, the complaint does not allege that the Plaintiff himself was actually injured by the practice, for example, by refusing to file a grievance he otherwise would have filed. Thus, there is no standing to bring such a claim, even if it stated a claim for relief.

Claim 3 alleges that Clarke disabled the monitors in the visiting room in order to prevent inmates from complaining about the jail conditions to their families or the media. The First Amendment does not require jails to provide specific forms of communication, however. Plaintiff was always free to send mail to his family or to tell them (or the media) about his concerns orally. The fact that the Sheriff turned off monitors does not meaningfully impinge on any speech rights the Plaintiff might have had. In addition, Plaintiff again styles the claim as a kind of general grievance rather than citing any injury he might have experienced. Thus, even if a claim were stated in the abstract, Plaintiff would lack standing to pursue it.

Claim 4 alleges that Plaintiff was frequently bitten by "sewage bugs," in violation of the Fourteenth Amendment right to civilized conditions of confinement. The same problem is found in this claim, namely, the personal involvement of Sheriff Clarke. The claim alleges merely that Clarke "knew or had a duty to know" that Plaintiff's cell was infested with bugs, but such a

conclusory assertion of personal involvement does not suffice. "A warden cannot be held liable for the constitutional violations of his subordinates merely because he is the chief administrative officer of the prison; he must have personally participated in or approved of the violations." *Gills v. Funk,* 2013 WL 4670034 (S.D.Ill. August 30, 2013), citing *Johnson v. Snyder,* 444 F.3d 579, 583–84 (7th Cir. 2006). *See also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Without any reason to believe otherwise, one must assume that the sheriff of the largest county in the state was unaware of any bug problem in the Plaintiff's cell. Accordingly, this claim will also be dismissed.

Claim 5 asserts that Plaintiff only had limited access to cases and statutes while incarcerated at the Jail, which violated his First Amendment right to receive information. Prisoners and detainees maintain a First Amendment right to receive information through the mails, *Jackson v. Frank,* 509 F.3d 389, 391 (7th Cir. 2007), but the Plaintiff does not claim that he was denied any information or materials that were his own or that were sent to him by friends or family. Instead, the claim is that the Jail's law books had torn pages and the statute books were outdated. In essence his claim is that the Jail infringed his First Amendment rights by not having a good enough library. That does not state a claim under the First Amendment, which guarantees the right to communicate, not the right to read certain books that the inmate wants (at taxpayer expense). Moreover, Plaintiff ignores the fact that, as a pretrial detainee, he would have had access to counsel. In sum, the claim does not state a claim under First Amendment.[1]

Finally, Claim 6 states that on a number of occasions he was served "raw or partially cooked chicken contrary to USDA standards." (ECF No. 12 at 3.) Once again, however, he does not assert any reason to believe that the county sheriff knew what kind of food he was being served.

---

[1]Plaintiff does not allege any impact on his ability to access the courts.

Accordingly, there is no personal involvement alleged, which warrants dismissal.

In sum, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch,* 555 F.3d at 594 (7th Cir. 2009). The theme of Plaintiff's complaint is that Sheriff Clarke should be liable under § 1983 because he was the boss, but the cases establish that being the boss is not enough to warrant liability. Instead, a defendant must possess personal knowledge or take specific action that gives rise to liability, and that cannot be inferred from the complaint here. Accordingly, the complaint will be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, meaning that the filing fee may be paid over time.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the warden of the institution where Plaintiff is incarcerated shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to

this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to Sheriff Clarke and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**SO ORDERED** this 11th day of November, 2014.

      /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court